## No. 10,136.

### THE STATE EX REL. G. A. SINGER VS. J. E. McGUIRE, SHERIFF, ET AL.

A party who has acquiesced in a judgment of the Supreme Court, which has acquired the force of *res judicata*, dismissing for want of jurisdiction an appeal in a case in which he was a party and virtually deciding that the matter in dispute comes within the exclusive jurisdiction of the Court of Appeals, cannot be permitted to question the exercise of that jurisdiction by the latter court, the less so, where he has formally submitted himself to it.

A prohibition in such a case does not lie.

A PPLICATION for Prohibition.

*C. J. & J. S. Boatner* for the Relator.
*J. T. Ludeling* for the Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The relator complains that the judges of the Second Circuit Court of Appeals have entertained jurisdiction over a, cause in which the State National Bank claimed of him the sum of $2011.17, and that said judges have rendered against him a judgment for $736, on which execution was issued in the district court and is in the hands of the sheriff.

He charges want of jurisdiction *ratione materiæ*, and seeks a prohibition to arrest further proceedings, and other relief.

The judges and the judgment creditor return, as their defense, that in the suit of the Bank vs. L. D. Allen and garnishees, in which the judgment rendered was brought up for review by the bank to this Court, the appeal was dismissed for want of jurisdiction, and the latter was one of the garnishees, appellees in that case.   State National Bank vs. Allen, 39 Ann. 806.

The judgment of dismissal is therefore invoked as *res judicata* and as recognizing jurisdiction in the Circuit Court of Appeals.   The defense is well founded.

There is nothing to show that the relator objected to the jurisdiction of the latter court, when the case was before it for hearing and determination.   He must therefore be considered as having acquiesced in the judgment of this Court dismissing the appeal, which constitutes *res judicata* and is conclusive.

Relator is estopped from questioning its correctness and validity.

*Interest reipublicæ ut sit finis liticum.*

It is, therefore, ordered and decreed that the restraining order herein made be rescinded, and that the application for a prohibition be refused, with costs.